# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONJA N., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 17-CV-617-JED-FHM |

## REPORT AND RECOMMENDATION

Plaintiff, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 28, 2014, application for disability benefits was denied initially and on reconsideration. Three hearings were held before Administrative Law Judge ("ALJ") John W. Belcher on February 3, 2016, September 21, 2016, and April 12, 2017. By decision dated May 4, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 13, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 55 years old on the alleged date of onset of disability and 58 on the date of the ALJ's denial decision. She has a bachelor's degree and formerly worked as a document specialist. She claims to have been unable to work since November 25, 2013 as a result of Asperger's syndrome (low-level autism), repetitive motion disorder, rosacea, memory problems, menopause, small vessel disease of the brain, osteopenia of spine and ankle, bilateral leg pain, bilateral knee pain, and back pain, [R. 106-107].

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work which involves the ability to lift/carry/push/pull 25 pounds frequently and 50 pounds occasionally; stand and/or walk for 6 hours in an 8-hour workday, and sit for 6-8 hours in a workday. She is limited to performing simple and routine tasks in a habituated and object-oriented setting with no requirements for safety operations or high production standards. She can have no more than incidental contact with co-workers and supervisors, and no public contact. [R. 23]. Based on the testimony of a vocational expert,

2

the ALJ determined that with these limitations Plaintiff can return to her past relevant work as a document specialist as that work was actually performed by Plaintiff and as the work is generally performed. [R. 30]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly evaluate the opinions of consultative examiner, Dr. Vaught and the ALJ violated her due process rights.

## **Analysis**

### Evaluation of Dr. Vaught's Opinions

Two psychologists performed consultative examinations on Plaintiff. One of the consultative examiners, Dr. Gordon, opined that Plaintiff's anxiety and depression would not preclude her from gainful employment [R. 530]. The other examiner, Dr. Vaught, performed psychological testing and completed a medical source statement. Rating Plaintiff's limitations of her ability to do certain work-related mental activities on a five-point scale (none, mild, moderate, marked, and extreme)[2], Dr. Vaught opined Plaintiff had "marked" limitations in interacting appropriately with supervisors, co-workers, and

---

[2] The form Dr. Vaught completed defines the terms as follows:
 None–Absent or minimal limitations. If limitations are present they are transient and/or expected reactions to psychological stresses.
 Mild– There is a slight limitation in this area, but the individual can generally function well.
 Moderate– There is more than a slight limitation in this area but the individual is still able to function satisfactorily.
 Marked– There is serious limitation in this area. There is a substantial loss in the ability to effectively function.
 Extreme– There is major limitation in this area. There is no useful ability to function in this area.
[R. 805].

"moderate" limitations in interacting appropriately with the public. [R. 805-06]. The ALJ stated he gave great weight to Dr. Vaught's opinion because Dr. Vaught performed comprehensive testing to support his opinion. The ALJ also stated:

> Dr. Vaught's opinion is also consistent with the claimant's residual functional capacity in that the claimant is limited to simple and routine tasks in a habituated and object-oriented setting with no requirements for safety operations or high production standards; no more than incidental contact with co-workers and supervisors; and no public contact. For these reasons great weight is given to Dr. Vaught's opinion.

[R. 26].

Plaintiff argues that rather than giving Dr. Vaught's opinions great weight, the ALJ actually rejected Dr. Vaught's opinion without giving valid reasons for doing so. According to Plaintiff, the RFC limitation of "no more than incidental contact with co-workers and supervisors," [R. 23], does not encompass Dr. Vaught's finding that Plaintiff had marked limitations in acting appropriately with supervisors and co-workers.

The undersigned finds that the RFC is not inconsistent with Dr. Vaught's opinion. Plaintiff essentially argues that a "marked" limitation means that Plaintiff has no ability to relate appropriately to co-workers and supervisors. However, that is not how "marked" was defined on the form Dr. Vaught completed. Although a "marked" limitation signifies a substantial loss in the ability to effectively function in the area, the ability to function is not completely precluded. An "extreme" limitation signifies no useful ability to function. [R. 805]. Dr. Vaught did not express the opinion that Plaintiff had an extreme limitation or "no useful ability to function." [R. 805, 806]. Instead, he opined that Plaintiff had marked limitations.

4

The undersigned rejects Plaintiff's suggestion that a more limiting definition of the term "marked" contained in the Social Security Program Operations Manual System (POMS), DI 24510.063, has anything to do with this case. [Dkt. 15, pp. 11, 14]. There is nothing in the record to suggest that Dr. Vaught based his opinion on anything other than the definitions contained on the form he completed. Furthermore, the POMS section cited by Plaintiff relates to the form (SSA-4734-F4-SUP) completed by the agency medical consultants for use in making the initial and reconsideration determinations on disability decisions. *See* POMS DI 24510.060 through DI 24510.065. Nothing in those sections mandates or even addresses the content of forms submitted to consultative examiners.

The undersigned finds that the ALJ appropriately accounted for Plaintiff's marked limitation (substantial loss in the ability to effectively function) in her ability to interact appropriately with co-workers and supervisors by limiting her to only incidental contact with co-workers and supervisors. In view of the definition of "marked" contained on the form completed by Dr. Vaught and Dr. Vaught's opinion that Plaintiff's limitation was "marked" not "extreme," the undersigned finds there is no merit to the Plaintiff's argument that the ALJ rejected Dr. Vaught's opinion.[3]

---

[3] In addition, the vocational expert quantified that Plaintiff's past work as a document preparer requires even less than incidental contact.
> Q. (ALJ) [I]f this person was unable to have even incidental contact with coworkers and supervisors; she really needs to be working almost entirely on her own and the supervision would need to be clear, concise, concrete and preferably minimal in nature; would that person be able to do any of Ms. [N's] past relevant work?
> A. (Vocational Expert) In my opinion, the document preparer would fit that exactly unless, you know, . . . you're obviously going to have to have somebody coming in and bringing the boxes that need to be prepared so if they can't even handle that type of contact, then they wouldn't be able to leave their home in my opinion so there would not be any work.

[R. 84]. There is nothing in Dr. Vaught's opinion that would suggest that he thought Plaintiff unable to even leave her home.

Plaintiff argues that the fact that the ALJ's RFC included no public contact when Dr. Vaught found Plaintiff had only a moderate limitation in interacting appropriately with the public demonstrates the inconsistency between the RFC and Dr. Vaught's opinion with regard to interacting with co-workers and supervisors. [Dkt. 15, pp. 10-11]. The undersigned rejects Plaintiff's contention that the ALJ somehow committed harmful error by including an RFC limitation that may be more restrictive than justified by Dr. Vaught's opinion. Since the ALJ's RFC finding about public contact was arguably more favorable to Plaintiff than Dr. Vaught's opinion, this alleged error provides no basis for reversing the ALJ's decision. Plaintiff could not possibly have been prejudiced by the more favorable RFC. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012). (finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

Due Process

Social Security hearings are subject to procedural due process considerations. *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). A due process claim will not succeed, however, if the claimant fails to show prejudice. *See Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1219 (10th Cir. 2009). Thus, to prevail on a procedural due-process theory in the social-security context, the claimant "must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir.2014) (internal quotation marks omitted).

Plaintiff argues that the ALJ denied her due process and created an adversarial situation. Three hearings were held in this case. After the first (2/3/2016) hearing, the ALJ sent Plaintiff for psychological testing and additional consultative examination. Dr. Vaught conducted the testing and consultative examination, after which he expressed his opinion

6

referred to above by completing a Medical Source Statement of Ability To Do Work-Related Tasks (Mental) form. [R. 805-807].

At the second (9/21/2016) hearing, a medical expert testified based on his review of Plaintiff's medical records and the testimony of a vocational expert was taken. Plaintiff's hearing counsel attempted to cross-examine the vocational expert by adding additional limitations to the ALJ's hypothetical questions. The ALJ advised counsel that she would have to describe the limitations as work function limitations, for instance how often Plaintiff could perform those functions, not by using the general terms moderate or severe limitations. [R. 85]. Counsel argued that the definitions contained on the Medical Source Statement form expressed work-related limitations. [R. 86]. The ALJ explained that those terms did not relate functional limitations and Plaintiff's counsel was not permitted to question the vocational expert using the terms. [R. 87]. Plaintiff's counsel asked that Dr. Vaught be subpoenaed to a supplemental hearing so he could translate his opinion in terms of a percentage of loss of ability to function. [R. 88]. The ALJ permitted counsel to draft interrogatories to Dr. Vaught to be sent to the ALJ for review and then to be sent to Dr. Vaught. [R. 88].

Plaintiff's counsel submitted proposed interrogatories to the ALJ. [R. 411-413]. The interrogatories do not pose questions about what Dr. Vaught meant by the information recorded on the previously completed Medical Source Statement. Instead, the interrogatories ask essentially the same questions posed on the Medical Source Statement, but ask Dr. Vaught to express answers in terms of the percentage of time Plaintiff <u>would not</u> be able to perform the activities listed. On November 8, 2016, the ALJ sent Plaintiff's counsel a letter explaining that the interrogatories were being returned as the percentages

would not be helpful from a medical viewpoint. The ALJ invited counsel to re-write the interrogatories and suggested that the doctor be asked "questions that actually require the doctor to explain his opinions rather than just check mark a box; these are generally more persuasive." [R. 414]. Counsel was given 30 days in which to re-submit interrogatories. [R. 415].

Plaintiff's counsel did not submit interrogatories within the 30-day time period. Instead, Plaintiff's counsel replied to the ALJ by letter dated December 7, 2016. She asserted that by not allowing Dr. Vaught to answer her interrogatories, the ALJ was denying Plaintiff due process. She suggested that if the ALJ did not like her questions, the ALJ could ask Dr. Vaught what percentage of time Plaintiff could not perform tasks. Counsel also renewed her request that Dr. Vaught be subpoenaed to the supplemental hearing so she could obtain testimony from him regarding his written report.[4] [R. 420]. No additional interrogatories were submitted to Dr. Vaught and Dr. Vaught was not subpoenaed to the third (second supplemental) hearing that was held on April 12, 2017.

Plaintiff contends that her procedural due process rights were violated by the ALJ's handling of Dr. Vaught's post hearing report. In *Yount v. Barnhart*, 416 F.3d 1233, 1236 (10th Cir. 2005), the Tenth Circuit reversed and remanded a Social Security disability case because the ALJ relied on a post hearing report without giving the claimant's attorney a meaningful opportunity to address the post hearing report.

In the present case, Plaintiff was provided a meaningful opportunity to address the post hearing evidence of Dr. Vaught's report. As previously outlined, two supplemental

---

[4] Plaintiff also requested that another consultative examiner, Dr. Krishnamurthi, be subpoenaed to the hearing. Plaintiff mentions Dr. Krishnamurthi in her brief, but does not discuss his findings and admits that alleged error could be considered harmless. [Dkt. 15, p. 14, n7].

8

hearings were held and Plaintiff was given the opportunity to submit interrogatories to Dr. Vaught. The undersigned concludes that the record demonstrates that Plaintiff was provided a meaningful opportunity to address Dr. Vaught's post hearing report and that Plaintiff was thereby afforded procedural due process.

The undersigned rejects Plaintiff's general assertion that the failure of the ALJ to subpoena Dr. Vaught to testify was error. Plaintiff failed to cite any regulations or case law concerning subpoenas for Social Security disability hearings. 20 C.F.R. § 404.950(d)(2) requires that a request for a subpoena state the important facts that the witness is expected to prove and indicate why the facts could not be proven without issuing a subpoena. Plaintiff's assertions to the court concerning a subpoena to Dr. Vaught do not contain any explanation of the facts his testimony was expected to prove, nor has Plaintiff explained why any facts could not be proven without his testimony. In the absence of any such discussion, the undersigned cannot find that the failure to subpoena Dr. Vaught was error.

To reiterate, Plaintiff did have the opportunity to pose interrogatories to Dr. Vaught about his opinions. Instead of posing questions that would require Dr. Vaught to clarify or explain his opinions, Plaintiff submitted a form of her own making that she requested Dr. Vaught complete. When she was advised that form was not acceptable as an interrogatory and was given additional time to submit interrogatories, Plaintiff declined to do so. Plaintiff suggests that the ALJ had some responsibility to draft interrogatories for her, but cites no authority to support that assertion. The undersigned finds that where, as here, Plaintiff failed to avail herself of the opportunity to submit acceptable interrogatories to Dr. Vaught,

she has not demonstrated that she was denied due process or suffered any unfair prejudice.

### Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 29, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 15th day of January, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE