**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SONJA J. N., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17-CV-617-JED-FHM |
| ANDREW SAUL,[1] Commissioner of the Social Security Administration, | ) ) ) ) |
|       Defendant. | ) ) |

**OPINION AND ORDER**

The Court has for its consideration the Report and Recommendation (R&R, Doc. 19) of United States Magistrate Judge Frank H. McCarthy, who reviewed the decision of the Commissioner of the Social Security Administration to deny Plaintiff Sonja J. N. disability benefits. Judge McCarthy recommends that the Court deny the appeal and affirm the Commissioner's decision. The plaintiff filed a timely Objection (Doc. 20) and now requests that the Court reject the R&R and remand the case for further administrative proceedings.

**I.    BACKGROUND**

The plaintiff was 54 years old on the alleged date of onset of disability and 58 on the date of the ALJ's denial decision. She has a bachelor's degree in Home Economics and held various clerical positions before she ceased working due to her alleged disabilities. (Doc. 9-6 at 46; Doc. 9-7 at 286). In applying for benefits, the plaintiff alleged that she became disabled as of November 25, 2013 due to Asperger's Syndrome ("Low-level autism"), repetitive motion disorder, rosacea, memory problems, menopause, small vessel disease of the brain, osteopenia of spine and ankle,

---

[1] Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

bilateral leg pain, bilateral knee pain, and back pain. (Doc. 9-3 at 4–5). After a series of hearings, an Administrative Law Judge (ALJ) determined that the plaintiff was not disabled because she retained the residual functional capacity to perform past relevant work as a document specialist. (*See* Doc. 9-2 at 31).

In seeking the Court's review of the ALJ's decision, the plaintiff initially asserted two points of error, arguing that (1) the ALJ failed to properly evaluate the medical opinions of a consultative psychological examination; and (2) the ALJ violated the plaintiff's due process rights. (*See* Doc. 15 at 8–14). In her Objection, however, the plaintiff pursues only the latter argument. (Doc. 20 at 2). Accordingly, the Court limits its review to the question of whether the ALJ violated the plaintiff's right to due process in deciding her application for disability benefits.

**II.   DISCUSSION**

Social Security hearings are subject to procedural due process considerations. *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). A due process claim will not succeed, however, if the claimant fails to show prejudice. *See Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1219 (10th Cir. 2009). Thus, to prevail on a procedural due process theory in the social security context, the claimant "must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014).

Here, the alleged due process violation stems from the ALJ's handling of a request by the plaintiff's former attorney to cross-examine a vocational expert (VE) using information from a psychological evaluation form. After an initial hearing, the ALJ sent the plaintiff for a consultative psychological examination, which was performed by Dr. Larry Vaught. After conducting the examination, Dr. Vaught completed a Medical Source Statement form, ticking boxes to indicate the degree to which the plaintiff's mental impairments limited her ability to perform work-related activities on a sustained basis. (Doc. 9-7 at 361–62). On the form, he checked boxes indicating a

"marked" limitation on the plaintiff's abilities to "interact appropriately" with supervisors and coworkers and "moderate" limitations on her abilities to "carry out complex instructions," "make judgments on complex work-related decisions," "interact with the public," and "respond appropriately to usual work situations and changes in a routine work setting." (Doc. 9-7 at 361–62). Where the form asked if any other capabilities were affected by the impairment, Dr. Vaught wrote that the plaintiff had a moderate to severe "motor and processing speed" impairment. (Doc. 9-7 at 362, 366, 367).

After receiving Dr. Vaught's report, the ALJ sent plaintiff's counsel a letter notifying her that the report was available for review and inviting her response. (Doc. 9-6 at 85–86). In her reply letter, counsel voiced several objections, including an argument that the term "moderate" was ill-defined on the Medical Source form. (Doc. 9-6 at 88). In order to clarify what "moderate" meant, counsel requested a supplemental hearing in which Dr. Vaught would be called to testify on the matter. (*Id.* at 89). It is unclear whether the ALJ formally responded to this request, but he appears not to have called Dr. Vaught to the subsequent supplemental hearing. (*See* Doc. 9-2 at 86).

At the supplemental hearing, the ALJ nevertheless called a VE to testify as to the plaintiff's ability to perform past relevant work. (Doc. 9-2 at 83–90). The VE's testimony unfolded in the usual way, with the ALJ describing a hypothetical worker with various functional limitations and then asking the VE whether the hypothetical worker would be able to perform various jobs. After the ALJ completed his questioning, the plaintiff's attorney attempted to cross-examine the VE by adding limitations to the ALJ's hypothetical. However, when counsel attempted to ask about the "moderate to severe limitations" in motor control that Dr. Vaught referenced in his Medical Source Statement, the ALJ cut her off, saying that any hypothetical limitations would have to be expressed in terms of work functions rather than the more general, diagnostic terms found on the Medical

3

Source form. (Doc. 9-2 at 86–88). At this, counsel protested that she had requested an opportunity to question Dr. Vaught further about his diagnoses but been denied, so all she could do was read the general definition of "moderate" or "marked" as provided on the Medical Source form. The ALJ overruled, saying it was beyond the scope of the VE's testimony to fashion specific functional limitations based on the general description of "moderate" or "marked." When the attorney asked for an additional supplemental hearing so she could question Dr. Vaught, the ALJ denied her request but said that she could submit interrogatories aimed at clarifying how the plaintiff's impairments would limit specific work functions. (Doc. 9-2 at 89). Counsel said she would do so and the hearing adjourned.

Per the ALJ's instructions, the attorney sent a list of 26 interrogatories, but they essentially restated the questions found on the previously completed Medical Source Statement, instructing Dr. Vaught to assess the percentage of time in an 8-hour day that the plaintiff would be unable to perform various "mental activities," such as "[t]he ability to understand and remember simple instructions." (Doc. 9-6 at 97–99). The ALJ rejected the proposed interrogatories, calling them unhelpful for the purpose of translating the doctor's medical opinion into vocational limitations for the purpose of questioning the VE. (Doc. 9-6 at 100). The ALJ provided some examples of usable vocational limitations and told the attorney she was free to submit a new set of proposed interrogatories designed to elicit the necessary information from Dr. Vaught.

Rather than submit a new round of questions, the plaintiff's attorney objected to the ALJ's decision to reject the initial set of interrogatories and renewed her request to subpoena Dr. Vaught. (*See* Doc. 9-6 at 106). The ALJ declined, but scheduled a third hearing so the plaintiff's attorney could ask "<u>appropriate</u> vocational questions." (*See* Doc. 9-6 at 107).

Judge McCarthy found that the ALJ's conduct did not violate due process because the plaintiff was provided a meaningful opportunity to address Dr. Vaught's report. The ALJ gave the plaintiff an opportunity to follow up on Dr. Vaught's report by submitting interrogatories, but she declined to do so, even after the ALJ provided guidance on how to elicit usable information. Given this opportunity, it was not error for the ALJ to deny the plaintiff's request for a subpoena. In a social security case, a request for a subpoena must state the important facts that the witness is expected to prove, and indicate why the facts cannot be proven without issuing a subpoena. 20 C.F.R. § 404.950(d)(2). The plaintiff's request provided no such explanation. Due process is not violated when the government provides a meaningful opportunity to be heard but the opportunity is refused. *See Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004). The Court therefore agrees with Judge McCarthy's analysis of the claimed error. The ALJ did not deprive the plaintiff of due process.

### III.   CONCLUSION

For the foregoing reasons, the court **accepts** Judge McCarthy's R&R (Doc. 19). Plaintiff's Objection (Doc. 20) is **overruled**, and the decision of the Commissioner finding the plaintiff not disabled is **affirmed**. A separate judgment will follow this order.

SO ORDERED this 25th day of August, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT